IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 7:08-112-TMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Marielena Ledy Martinez, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Marielena Ledy Martinez's ("Martinez") (ECF No. 324), and the Government's Motion for Summary Judgment (ECF No. 325). For the reasons set forth below, Martinez's motion is denied and the Government's motion is granted.

### I.  Procedural History

On July 17, 2008, Martinez pled guilty to conspiracy to murder a federal law enforcement officer with intent to intimidate or retaliate against the agent while he was engaged in, or on account of, the performance of his official duties. On January 21, 2009, Martinez was sentenced by United States District Judge Henry F. Floyd to a total of 216 months. Martinez appealed and, on June 21, 2010, the Fourth Circuit Court of Appeals affirmed the conviction, but remanded the case for resentencing.[1] At the resentencing hearing on August 19, 2010, Martinez was sentenced by United States District Judge Henry F. Floyd to a total of 120 months, which was to run consecutive to a 12-

---

[1] The court found that the district court failed to address Martinez's nonfrivolous reasons for a below guidelines sentence and did not adequately explain the sentence imposed. The court concluded that Martinez's sentence was procedurally unreasonable and vacated it. (ECF No. 218).

month sentence that Martinez was already serving.

On May 16, 2014, Martinez filed the instant § 2255 motion. In response, the Government filed a Motion for Summary Judgment. (ECF No. 326).[2] Martinez filed a response opposing the Government's motion. (ECF No. 334).

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 621-22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1)

---

[2]Martinez previously filed a motion to reduce her sentence (ECF No. 316), which was denied on October 16, 2013. (ECF No. 322).

2

that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Under § 2255(b), a movant is to be granted an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Summary dismissal of § 2255 allegations is "warranted only if a habeas petitioner's allegations when viewed against the record of the plea hearing are palpably incredible or patently frivolous or false." *United States v. White,* 366 F.3d 291, 297 (4th Cir. 2004) (*quoting Blackledqe v. Allison*, 431 U.S. 63, 76 (1977)) (internal quotation marks omitted).

### III. Discussion

As noted above, on July 17, 2008, Martinez pled guilty to conspiracy to murder a law enforcement officer. (ECF Nos. 96 and 97). The indictment cited 18 U.S.C. § 115(a)(1)(A). A co-defendant, Dwight Spears ("Spears"), was indicted and convicted of the same charge after a jury trial. Spears was sentenced to 240 months imprisonment. Spears appealed and raised the issue that the indictment charged an incorrect code section. *United States v. Spears*, 350 Fed. Appx. 808 (4th Cir. 2009). The Fourth Circuit Court of Appeals agreed, but concluded that "the evidence supports his conviction for his unambiguous participation in the conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C.A. § 1114." *Id.* at 809. Therefore, the court affirmed in part, vacated in part, and remanded for re-sentencing under § 1114. *Id.* at 810. And on May 13, 2010, the district court re-sentenced Spears to 240 months imprisonment. (ECF No. 209).

Martinez appealed her conviction and sentence. *See United States v. Martinez*, 383 Fed. Appx. 363 (4th Cir. 2010). The Fourth Circuit affirmed the conviction, but remanded for resentencing because the district court did not adequately explain the reasons for rejecting Martinez's motion for a below-Guidelines sentence. *Id*. On September 1, 2010, Martinez was resentenced to 120 months. (ECF No. 232). Martinez did not file any appeal. On May 16, 2014, Martinez filed the current habeas motion.

The Government contends that Martinez's motion is untimely. In response, Martinez argues actual innocence citing to *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924 (2013). In *McQuiggin*, the Supreme Court held that a "convincing showing" of actual innocence can provide a gateway to federal habeas review of claims filed outside the one-year statute of limitations. *Id.* The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: " '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Martinez bases her claim of actual innocence on the fact that the indictment to which she pled guilty cited §115 rather than § 1114. She argues that the Fourth Circuit has held in Spears' appeal that § 115 was not the proper statute with which to charge the conspirators in the murder plot. *See United States v. Spears*, 350 Fed. Appx. 808, 809-10 (4th Cir. 2009). However, in *Spears*, the court did not find Spears to be actually innocent. Rather, the court found there was sufficient evidence to support an indictment under § 1114 and remanded for resentencing.

In response to the Government's motion, Martinez then argues that § 1114 does not include conspiracy to commit a murder of a law enforcement agent. (ECF No. 334). However, as she notes the Fourth Circuit held in *Spears*, "the evidence supports [Spears'] conviction for his unambiguous participation in the conspiracy to murder a federal law enforcement officer in violation of 18

4

U.S.C.A. § 1114." Further the Court held that "[t]he indictment and criminal conviction properly note the conspiracy to murder." *Spears*, 350 Fed. Appx. at 810.

To establish actual innocence, a petitioner must show that his guilty plea "has probably resulted in the conviction of one who is actually innocent," *Bousley v. United States*, 523 U.S. 614, 623-624 (1998) (citation omitted), and must make that showing with "clear and convincing evidence" that was "not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 558-59 (1998). Actual innocence means "factual innocence not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Thus, an actual innocence claim will succeed only in a "severely confined category [of] cases." *McQuiggin*, 133 S.Ct. at 1933. The court finds Martinez's argument to be without merit. Martinez cannot show she is actually innocent as required by *McQuiggin*, so as to avoid the statute of limitations bar, nor has she alleged or established any other reason for tolling. Therefore, the court finds that the instant motion is untimely.

### IV. Conclusion

For the foregoing reasons, the government's Summary Judgment Motion is granted (ECF No. 325) is **GRANTED** and this Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 324) is **DISMISSED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676,683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

October 20, 2014
Anderson, South Carolina